United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WESLEY MOORE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-4020 |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, filed a Complaint against the United States Equal Employment Opportunity Commission (EEOC) asserting violations of the Federal Information Security Modernization Act (FISMA), the Computer Fraud and Abuse Act (CFAA), and Federal Tort Claims Act (FTCA) in connection with the EEOC's handling of his charge of discrimination against his private employer.[1]  ECF 1.  He filed an Amended Complaint on February 13, 2023, naming as additional Defendants Civil Process Clerk: United States Attorney's Office and United States Attorney General: U.S. Department of Justice.  ECF 3.  With leave of Court, Plaintiff filed an Amended Complaint on April 24, 2023 substituting the United States of America as the proper Defendant for his FTCA claim.  ECF 17; ECF 21.  The case is before the Court on Defendants' Motion to Dismiss for lack of jurisdiction and

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

failure to state a claim, which was filed prior to the latest Amended Complaint.  ECF 13.  Post-Amendment, the Court permitted additional briefing and the Motion has been fully briefed and is ripe for determination.  ECF 21; ECF 22; ECF 23.

## I.    Background

Plaintiff is "[s]eeking $50 million dollars due to the severe mental anguish resulting in physical manifestations affecting everyday life" allegedly caused by EEOC employees "falsifying documentation, making fictitious statements and fraudulent representation of non-existent events involving the Plaintiff."  ECF 17 at 6.  The Statement of Claim and documents attached to Plaintiff's original Complaint provide a bit more detail about his allegations.[2]  ECF 1-1 at 1-40.  On December 13, 2021, Plaintiff submitted to the EEOC Claims for Damage, Injury, or Death alleging wrongful actions by EEOC Chair Charlotte A. Burrows, Washington D.C. EEOC employee Wesley Katahira, Minnesota EEOC employee Cherie Doak, Illinois EEOC employee Andrew Daley, and Minnesota EEOC James Moulton.  ECF 1-1 at 4-28.  Plaintiff alleges that Moulton made "a fictitious statement and fraudulent representation that James and I had a phone conversation in April 2020 within the EEOC information systems."  ECF 1-1 at 23.  Plaintiff does not explain why this

---

[2] Plaintiff did not attach the Statement of Claim to his Amended Complaint.  ECF 17.  Because Plaintiff is pro se and the Court must construe his pleadings liberally, the Court has considered the attachment to the original Complaint as incorporated in the Amended Complaint.  *See Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)).

allegedly false entry in April 2020 caused him injury.  Plaintiff does not identify the nature of the underlying EEOC charge or the employer involved in the underlying EEOC case in which Moulton allegedly made the false entry.

Plaintiff filed this suit "to appeal the determination made for the administrative claims submitted to the United States Equal Employment Opportunity Commission."  ECF 1-1 at 1.  Plaintiff does not attach documentation of the EEOC's determination of his Claims but alleges that the EEOC told him it is not liable because the FTCA does not apply, the EEOC employees were performing discretionary duties, and there was no breach of duty to support a negligence claim. *Id.*  Defendants move to dismiss all of Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. ECF 13.

## II.    Legal Standards

### A. Rule 12(b)(1) Standards

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss

refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  In this case, the Court properly considers the attachments to Plaintiff's original Complaint.  ECF 1-1.

### III.    Analysis

#### A. The Court lacks jurisdiction over Plaintiff's FISMA claim.

It is well-established that the United States and its agencies and officers cannot be sued unless the United States has expressly and unequivocally waived its sovereign immunity in a statute.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (stating "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (stating "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (citation omitted)).  The burden of proving subject matter jurisdiction rests with the party asserting the jurisdiction.  *Peoples Nat. Bank v. Off. of Comptroller of Currency of*

*U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).

The purpose of FISMA is, among other things, to "provide a comprehensive framework for ensuring the effectiveness of information security controls over information resources that support Federal operations and assets." 44 U.S.C. § 3551(1). Nothing in the FISMA waives the sovereign immunity of the United States or its agencies. *Id.* § 3551 *et. seq.* Furthermore, District Courts around the Country have held that the FISMA only imposes responsibilities on federal agency heads and does not create a private right of action. *Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 81 (D.D.C. 2016); *Hinson-Gribble v. United States Off. of Pers. Mgmt.*, No. 5:16-CV-70-FL, 2017 WL 9480265, at *4 (E.D.N.C. July 11, 2017), report and recommendation adopted, No. 5:16-CV-00070-FL, 2017 WL 3948531 (E.D.N.C. Sept. 8, 2017). Plaintiff represents that *Welborn* states "[t]here is no private right of action under FISMA for violations of the Act's substantive provisions, but FISMA provides a private right of action for individuals who have suffered harm as a result of a federal agency's failure to comply with its information safety requirements." ECF 16 at 2. The purported quote does not appear in *Welborn*. The Court concludes that Plaintiff's claims for violation of FISMA must be dismissed without prejudice for lack of subject matter jurisdiction.

**B. The Court lacks jurisdiction over Plaintiff's CFAA claim.**

The Fifth Circuit recently ruled that the CFAA does not waive the United States' sovereign immunity. *Dougherty v. United States Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *4 (5th Cir. Sept. 19, 2023) (holding the inclusion of the United States and its agencies in the definition of "person" set forth in the CFAA "falls short of the requirement that Congress's waiver of sovereign immunity be 'unequivocally expressed in statutory text.'"). Because the United States has not waived its sovereign immunity as to claims brought under the CFAA, this Court lacks jurisdiction over those claims. *Id.* (affirming district court's dismissal of plaintiff's claim for violation of CFAA for lack of subject matter jurisdiction due to sovereign immunity). Thus, Plaintiff's claims for violation of the CFAA must be dismissed without prejudice for lack of subject matter jurisdiction.

**C. The Court lacks jurisdiction over Plaintiff's FTCA claim.**

The FTCA is the exclusive remedy for tort claims arising out of the acts of federal agencies or employees. *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) (citing 28 U.S.C. § 1346(b)). The only proper defendant in an FTCA case is the United States, not one of its agencies. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (holding "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *Farmer v. Louisiana Elec. & Fin. Crimes Task*

*Force*, 553 F. App'x 386, 388–89 (5th Cir. 2014) (citing *Galvan*).  Recognizing this, Plaintiff substituted the United States as the only Defendant for purposes of his FTCA claim.  ECF 17; ECF 21.

The FTCA waives sovereign immunity only for claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*"  28 U.S.C.A. § 1346(b) (emphasis added).  Courts interpret this language to mean that the United States may be liable for the conduct of an employee "in the same manner and to the same extent" as a private individual under similar circumstances.  *Bryan v. Stevens*, 169 F. Supp. 2d 676, 683 (S.D. Tex. 2001) (stating "[i]f the substantive law of the state in which the misconduct occurred would not permit recovery, the United States will not be liable under the FTCA for its employees' misconduct." (citations omitted)).

Plaintiff asserts that the conduct of EEOC employees violates FISMA and CFAA.  ECF 17; ECF 16 at 2-3.  Plaintiff fails to allege conduct that would create liability under state law if the actor were a private party.  Plaintiff's citation to *Gray v. Bell*, 712 F.2d 490 (D.C. Cir. 1983), for the uncontroversial proposition that the FTCA applies to negligent acts of a government employee that cause harm to

individuals, is unavailing.   ECF 16 at 2.   When upholding the district court's dismissal of a plaintiff's claim for malicious prosecution brought under the FTCA, the *Gray* decision confirmed that prosecutorial decisions are discretionary acts not covered by the FTCA.   712 F.2d at 513.   *Gray* did not address the jurisdictional requirement under the FTCA that a plaintiff allege tortious conduct under state law. The Supreme Court has made clear that with respect to the FTCA "the United States waives sovereign immunity 'under circumstances' where *local law* would make a '*private person*' liable in tort."  *United States v. Olson*, 546 U.S. 43, 44 (2005) (first emphasis added; second emphasis in original).   The cases cited by Plaintiff are not on point and Plaintiff has failed to meet his burden to establish subject matter jurisdiction under the FTCA.   *See* ECF 22.

### D. Plaintiff cannot state a cause of action based on the EEOC's handling of a charge.

Because the Court lacks jurisdiction over Plaintiff's claims under the FISMA, CFAA, and FTCA, the Court need not address Defendants' Rule 12(b)(6) argument that Plaintiff has no cause of action based on the EEOC's conduct in handling a charge.   However, Defendants' Rule 12(b)(6) argument provides an alternative ground for dismissal.

An individual who suffers from "agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution," in connection with an EEOC charge may pursue his Title VII claim against his employer in federal court.   *Occidental Life Ins.*

*Co. of California v. E.E.O.C.*, 432 U.S. 355, 366 (1977). Because an aggrieved individual has a remedy in federal court against his employer, the Fifth Circuit has held that "Title VII does not confer on a charging party a right of action against the EEOC." *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002); *Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978) (dismissing claim based on EEOC's actions because "[n]othing done or omitted by EEOC affected [plaintiff's] rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit . . ."); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (holding that the D.C. Circuit "join[s] our sister circuits in holding that Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). As Defendants point out in their Reply, none of the cases cited by Plaintiff support his claim. *See* ECF 22 (pointing out flaws in Plaintiff's case citations).

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court has determined that it does not have subject matter jurisdiction over Plaintiff's claims. Therefore, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 13) be GRANTED and Plaintiff's claims be dismissed without prejudice pursuant to Federal of Civil Procedure 12(b)(1).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 30, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge